United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61003
Summary Calendar

JULIET UHUNMWANGHO,

                                        Petitioner,

versus

ALBERTO R. GONZALES,

                                        Respondent.

--------------------
Petition for Review from an Order of the
Board of Immigration Appeals
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Petitioner Juliet Uhunmwango appeals the summary affirmance
by the Board of Immigration Appeals an immigration judge's order
of removal and denial of her applications for asylum, withholding
of removal, protection under Article 3 of the United Nations
Convention Against Torture and Other Cruel, Inhumane and
Degrading Treatment of Punishment, and cancellation of removal.
Uhunmwango challenges each of these rulings, except that denying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for her application for asylum.[1]  We have jurisdiction to hear the appeal,[2] and we uphold an immigration judge's decisions with respect to withholding, cancellation, and the Convention Against Torture if they are supported by "substantial evidence."[3]

8 U.S.C. § 1231(b)(3) requires the Attorney General to withhold removal of Uhunmwango if she demonstrates by a "clear probability"[4] that it is more likely than not that her "life or freedom would be threatened...because of [her] race, religion, nationality, membership in a particular social group, or political opinion."  To receive protection under the Convention Against Torture, Uhunmwango must establish that it is more likely than not she will be tortured, by act of acquiescence of a public official or someone acting in official capacity,[5] upon repatriation.[6]  We conclude that the immigration judge's finding that Uhunmwango was incredible because of her conflicting

---

[1]She seems to argue at one point in her brief that asylum should have been granted, but she does not directly argue that we should overturn the denial of asylum.  In any event, she never pursued that issue in front of the Board of Immigration Appeals, and even if she had she cannot challenge that order here because the immigration judge determined that her application was not timely and we have no jurisdiction to review that determination. See 8 U.S.C. § 1158(a)(3); *Roy v. Ashcroft*, 389 F.3d 132, 137 n.2 (5th Cir. 2002).

[2]8 U.S.C. § 1252.

[3]8 U.S.C. § 1252(b)(4)(B); *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[4]*INS v. Stevic*, 467 U.S. 407, 429-30 (1984).

[5]8 C.F.R. § 1208.18(a)(1).

[6]8 C.F.R. § 1208.16(c)(2).

testimony is supported by substantial evidence; Uhunmwango has not attempted on appeal to explain her inconsistencies. Moreover, we conclude that the immigration judge's alternative holding, that even if Uhunmwango were credible, she is not more likely than not to face future persecution or official torture, is supported by substantial evidence. The evidence shows that her dispute with her husband was essentially a private one not based on a protected characteristic, and that it was one in which the government neither participated or acquiesced.

We also conclude that the immigration judge's finding that Uhunmwango was not statutorily eligible for cancellation of removal is supported by substantial evidence. An alien can apply for cancellation of removal if, *inter alia*, she has been present in the United States for at least ten continuous years and removal will be unusually hard on a qualifying relative.[7] The evidence shows that Uhunmwango failed to establish that she had been in the United States for ten years; not only did she admit as much at different times, but she has none of the documentary evidence one would expect to find proving her presence. In addition, the evidence shows that she failed to provide any adequate evidence that she has qualifying relatives; although she claimed to have two United States-born children, her only proof of that fact was a letter from a friend mentioning that she was a mother. Finally, even if she were statutorily eligible, the

---

[7] 8 U.S.C. § 1229b(b)(1)(A)-(D).

court alternatively ruled that she failed to establish unusual hardship, a ruling we cannot review.[8]

For the foregoing reasons, the order of the Board of Immigration Appeals is AFFIRMED.

---

[8] 8 U.S.C. § 1252(a)(2)(B)(i).